UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILUSTRATA SERVICOS DESIGN, LTDA., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-CV-05993 |
| | ) | Hon. Marvin E. Aspen |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Ilustrata Servicos Design, Ltda. ("Ilustrata") names 141 defendants in this single case. (Complaint ("Compl.") (Dkt. No. 1) at 1; Schedule A (Dkt. No. 2).) Ilustrata has three motions pending before us: (1) a motion for leave to file certain documents under seal, (2) an *ex parte* motion for entry of a temporary restraining order ("TRO"), and (3) a motion to exceed the page limit for its memorandum in support of the TRO. (Dkt. Nos. 8, 9, 10.) For the reasons set forth below, these motions are taken under advisement and Ilustrata is ordered to show cause, in writing, as to why the case should not be severed for misjoinder by December 2, 2021. Alternatively, Ilustrata may file an amended complaint by then if it can cure the joinder issues raised herein.

**BACKGROUND**

Ilustrata alleges that it is a Brazilian illustration studio that owns federal copyright registrations that protect the creative content of its famous images and illustrations. (*See* Compl. ¶¶ 4, 6, 17.) Ilustrata's creative content is known for its "retro and detailed style" and appears on

t-shirts, prints, packages, character designs, and ads, among other things. (*Id*. ¶ 17.) Ilustrata alleges that Defendants operate interactive commercial internet stores under aliases to sell products bearing infringing versions of Ilustrata's copyrighted works to customers in the United States, including Illinois. (*Id*. ¶ 2.) Ilustrata claims that Defendants "have knowingly and willfully pirate[d]" their intellectual property "without any authorization or license." (*Id*. ¶ 34.) Ilustrata also alleges that Defendants' stores "share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale," which "establish[] a logical relationship between them and suggest[] that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." (*Id*. ¶ 8.)

## ANALYSIS

Before deciding Ilustrata's pending motions, we *sua sponte*[1] address the issue of joinder. Under Federal Rule of Civil Procedure 20(a)(2), Ilustrata bears the burden of showing that joinder is appropriate. *See NFL Properties LLC v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021); *H-D U.S.A., LLC v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at *1 (N.D. Ill. Mar. 1, 2021); *see also Estée Lauder*, 334 F.R.D. at 185. "'In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill.

---

[1] "[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases." *Estée Lauder Cosmetics Ltd. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) (Chang, J.) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned joinder on its own in a 24-defendant case)).

2

July 18, 2011)). However, courts need not accept conclusory or speculative statements that are not factual assertions. *NFL Properties*, 2021 WL 4963600, at *1; *H-D U.S.A.*, 2021 WL 780486, at *1; *see also Estée Lauder*, 334 F.R.D. at 185.

Federal Rule of Civil Procedure 20(a)(2) provides that defendants may only be joined in a single action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). When determining "whether the rights asserted arise out of the same transaction or occurrence, courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)).

Courts typically find that claims against different defendants arise out of the same transaction or occurrence when there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13); *Estée Lauder*, 334 F.R.D. at 185. "Claims have a logical relationship when there is a 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *In re EMC Corp.*, 677 F.3d at 1358).

Where a court finds that joinder is not authorized by the Federal Rules of Civil Procedure, it may sever parties on its own or direct the plaintiff to remedy the issue. *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334

3

F.R.D. at 186.  District courts have broad discretion to remedy misjoinder, but in doing so, they must avoid unnecessary harm to the parties.  *Estée Lauder*, 334 F.R.D. at 186.

Courts in this District have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark.  *See, e.g.*, *Estée Lauder*, 334 F.R.D. at 187; *Slep-Tone Ent. Corp. v. Roberto*, No. 12-cv-5750, 2013 WL 5748896, at *2–3 (N.D. Ill. Oct. 22, 2013); *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004).  This is so because one defendant's alleged infringement does not necessarily arise "out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement.  *See* Fed. R. Civ. P. 20(a)(2)(A).  Where defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement.  *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187.  From the defense perspective, one defendant's defenses do not depend on that of an unrelated codefendant.  *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187.

Ilustrata's allegations are insufficient to show that joining all 141 defendants in this single lawsuit is proper.  Ilustrata repeatedly alleges that "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." (Compl. ¶¶ 8, 11, 15.)  But similarities between websites do not suggest a logical relationship

4

between every Defendant.  *See Bose Corp. v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A"*, No. 19 C 7467, 2019 WL 6210939, at *2 (N.D. Ill. Nov. 21, 2019) (finding that nearly identical allegation regarding unique "design elements" did not support joinder).  Nor are Defendants or their alleged infringement "interrelated" simply because the products sold by Defendants are similar.  (Compl. ¶ 30); *see H-D U.S.A.*, 2021 WL 780486, at *3; *Bose*, 2019 WL 6210939, at *2; *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.").  Ilustrata also speculates that Defendants are "interrelated" because they share "other notable common features, including use of the user name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images." (Compl. ¶ 30.)  But, as we have explained in prior opinions, similar conclusory statements are insufficient to support joinder. *See NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2–3; *see also Bose*, 2019 WL 6210939, at *2 (finding that similar "notable common features" allegation did not support joinder).  Finally, the fact that Defendants allegedly "use a variety of other common tactics to evade enforcement efforts," such as "register[ing] new online marketplace accounts under new aliases once they receive notice of a lawsuit" (Compl ¶ 31), does nothing to support joinder either because these allegations are highly generic and apply equally to individuals and entities engaging in activities that are not the subject of this suit.

      On the facts before us, we cannot conclude that joinder of all 141 defendants would promote judicial economy either.  To the contrary, joinder in this case potentially yields

5

significant financial gains to Ilustrata at the judiciary's expense. As discussed more fully in *H-D U.S.A.*, cases naming numerous unrelated defendants burden the courts. *See H-D U.S.A.*, 2021 WL 780486, at *3 (citing *Estée Lauder*, 334 F.R.D. at 189–90 and *Purzel Video GMBH v. Does 1-91*, Case No. 4:12-cv-02292, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013).) And by suing 141 defendants in a single suit rather than in as many as 141 separate suits, Ilustrata may save more than $56,000 in filing fees. *See* Northern District of Illinois's Fee Schedule ("Civil Filing Fee $ 402.00"); *see also Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *3 (N.D. Ill. Feb. 6, 2021) ("[B]y suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.").

## CONCLUSION

For the reasons set forth above, Ilustrata's motion for leave to file certain documents under seal (Dkt. No. 8), *ex parte* motion for entry of a TRO (Dkt. No. 10), and motion to exceed the page limit for its memorandum in support of the TRO (Dkt. No. 9) are taken under advisement. Ilustrata is ordered to show cause, in writing, as to why the case should not be severed for misjoinder by December 2, 2021. Alternatively, Ilustrata may file an amended complaint by then if it can cure the joinder issues raised herein. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 18, 2021